# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MEGAN GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>PAMELA CASEY, SCOTT GILLILAND, SUE ASHWORTH, and BRIAN K. RATLIFF,<br><br>    Defendants. | Case No. 2:18-CV-02079-KOB |
| VICTOR REVILL,<br><br>    Plaintiff,<br><br>v.<br><br>PAMELA CASEY, SCOTT GILLILAND, SUE ASHWORTH, and BRIAN K. RATLIFF,<br><br>    Defendants. | Case No. 2:19-CV-00114-KOB<br><br>**THIS DOCUMENT RELATES TO BOTH CASES** |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on three motions for reconsideration (Garcia Docs. 49 and 55, and Revill Doc. 36), pursuant to Federal Rule of Civil Procedure 59(e), regarding this court's memorandum opinion and accompanying order of August 1, 2019 (Garcia Docs. 46, 47).[1] Plaintiffs Megan Garcia and Victor Revill separately filed motions asking the court to

---

[1] To prevent confusion regarding the two docket sheets for these consolidated cases, the court uses "Garcia Doc." to refer to docket entries in the case filed by Megan Garcia, 2:18-CV-02079-KOB, and "Revill Doc." to refer to docket entries in the case filed by Victor Revill, 2:19-CV-00114-KOB.

1

reconsider the state-agent immunity defense that Defendants raised in their motions to dismiss. (Garcia Doc. 49 and Revill Doc. 36.)[2] Defendants Pamela Casey and Scott Gilliland filed a joint motion asking the court to reconsider whether Defendants sufficiently raised the argument that Plaintiffs' factual assertions failed to state a claim upon which relief can be granted. (Garcia Doc. 55 and Revill Doc. 38.) For the reasons explained below, the court will GRANT Plaintiffs' motions to reconsider and DENY Defendants' motion to reconsider. Pursuant to this order, the court will vacate the prior memorandum opinion and order and substitute a new memorandum opinion and order denying Defendants' Motion to Dismiss as to Ms. Garcia's Counts Two and Three and as to Mr. Revill's Counts Nine, Ten, Eleven, Twelve, and Thirteen.

**Standard of Review**

Motions filed under Rule 59(e) present "an extraordinary remedy [that] is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Rueter,* 440 F. Supp. 2d at 1267–8) (quoting *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). A party cannot use a motion for reconsideration "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Although "as a rule, parties are not entitled to two bites at the apple," occasions arise when "reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). Such occasions include when "newly discovered evidence or manifest errors of law or

---

[2] Garcia Doc. 49 and Revill Doc. 35 are identical documents, both filed by Ms. Garcia. Mr. Revill filed Revill Doc. 36.

2

fact" justify granting such a motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The decision whether to grant a Rule 59 motion lies within the sound discretion of the district court. *Id.*

**Defendants' Motion**

Defendants' motion for reconsideration, filed after Plaintiffs' motions to reconsider, seeks a second bite at the apple; the motion contends that the court should have analyzed whether Plaintiffs failed to state a claim for which relief could be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). (Garcia Doc. 55 and Revill Doc. 38.) The court's memorandum opinion of August 1, 2019 found that Defendants' motions to dismiss did not argue that Plaintiffs failed to state a claim based on a lack of plausibly alleged facts. (Garcia Doc. 46 at 8.) Instead, the court analyzed the five affirmative defenses that Defendants raised in their motions to dismiss and granted in part and denied in part Defendants' motions. Defendants now ask the court to reconsider, and they argue that they *did* in fact argue that Plaintiffs' alleged facts did not support claims upon which relief could be granted under Federal Rules of Civil Procedure 12(b)(6) and 8(a).

Defendants' original motions to dismiss contain the following three references to alleged factual insufficiency. First, in their introductions, both motions to dismiss state, without further elaboration, that "Plaintiff has further failed to state a claim against the DA and Assistant DA for which relief can be granted." (Garcia Doc. 26 at 4; Revill Doc. 2 at 3.) Second, both motions include a boilerplate "Standard of Review" section that recites the basic rules presented in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Garcia Doc. 26 at 10–11; Revill Doc. 2 at 10–11.) Third, in the discussions of the prosecutorial immunity defense, both motions state that Plaintiffs claims "appear to be based on conjecture."

3

(Garcia Doc. 26 at 11; Revill Doc. 2 at 11.) Defendants' motions contain no other references to alleged factual insufficiency, pursuant to Rule 8(a).

Noting Defendants' paucity of argumentation regarding alleged factual insufficiency, Ms. Garcia pointed out in her brief opposing the motions to dismiss that Defendants only raised five affirmative defenses but did not allege a failure to state a claim on which relief could be granted based on insufficiently pled facts. (Garcia Doc. 27 at 1.)

Even after Ms. Garcia brought this lack of factual insufficiency argumentation to Defendants' attention, Defendants' two reply briefs presented only marginally more relevant analysis than what appeared in the motions to dismiss. Instead of offering substantive arguments why any claim failed as a matter of law, Defendants' reply briefs re-stated the standard espoused in *Twombly* and *Iqbal*, referred back to the meager allegations proffered in the motions to dismiss, asserted generally that all of Plaintiffs' claims were "conclusory" or "speculative," discussed differences between the original and amended complaints, and added a First Amendment defense. (Garcia Docs. 29 at 1–4 and 33 at 1–6.)

The argument mostly closely analogous to a factual insufficiency argument appears on page five of "Defendants' Supplemental Reply to Plaintiff's Response to Casey and Gilliland's Motion to Dismiss" (Doc. 33). There, Defendants purport to attack Plaintiffs' defamation claims by referencing two U.S. Supreme Court cases and an Eleventh Circuit opinion for the proposition that "allegations of injury to reputation alone do not support a § 1983 claim for violation of due process." *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998); *see also Paul v. Davis*, 424 U.S. 693 (1976); *Siegert v. Gilley*, 500 U.S. 226 (1991). But even in this section, Defendants do not *explain how* the stated rule applies to anything that appears in the Plaintiffs' two complaints.

Plaintiffs bring a total of 18 claims. In their motions to dismiss, Defendants chose to attack these claims with a series of affirmative defenses. But nowhere in either their motions to dismiss or in the supporting briefs do Defendants offer tenable arguments why any of these claims are factually insufficient. "[T]he party moving for dismissal has the burden of proving that no claim has been stated." *Union Ins. Co. v. Blakeney Palmer Co., LLC*, No. 7:12-CV-04072-RDP, 2013 U.S. Dist. LEXIS 195343, at *3 (N.D. Ala. May 6, 2013). Conversely, the court has no burden to parse through the complaint looking for a reason to grant a defendant's motion to dismiss. *See Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 299 n.57 (S.D. Ala. 2006) ("[T]he court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her. . . . [T]he onus is upon the parties to formulate arguments") (internal citations omitted).

Because Defendants here never sufficiently alleged a factual insufficiency argument, their motion to reconsider is DENIED.

**Plaintiffs' Motions**

Regarding Plaintiffs' two motions to reconsider (Garcia Doc. 49 and Revill Doc. 36), on second look, the court agrees with Plaintiffs and finds that Defendants did not meet the burden imposed on their affirmative defense of state-agent immunity. Specifically, Defendants failed to show that they were acting in a function that would entitle them to state-agent immunity at the time they allegedly defamed Ms. Garcia and Mr. Revill. Instead of first looking at whether Defendants were engaged in a protected function, the court jumped to the conclusion that because Plaintiffs alleged that Defendants acted under color of state law, then the state-agent immunity doctrine applied. (Garcia Doc. 46 at 23.) But whether Defendants acted under color of state law is wholly irrelevant to state-agent immunity. The court should have first questioned

5

whether Defendants demonstrated that they were engaged in a protected function. *See Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000). Because applying the correct analysis leads to a different result than the court's original finding, the court finds that Plaintiffs' motions for reconsideration should be granted.

Plaintiffs have demonstrated that the court committed a manifest error of law by applying the wrong standard, so the court GRANTS Plaintiffs' motions to reconsider and VACATES its memorandum opinion and order of August 1, 2019. (Garcia Docs. 46, 47.) The court will substitute a new memorandum opinion and order denying Defendants' Motion to Dismiss as to Ms. Garcia's Counts Two and Three and as to Mr. Revill's Counts Nine, Ten, Eleven, Twelve, and Thirteen.

**DONE** and **ORDERED** this 12th day of February, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE